UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| FEDERICO ARENAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-2055-JAR |
| | ) | |
| SPX COOLING TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Defendant has filed a motion to stay discovery and other pretrial proceedings (ECF No. 9) pending a ruling on its motion for judgment on the pleadings (ECF No. 5). Plaintiff has not filed a response to the motion to stay discovery and pretrial proceedings, and the time for doing so under D. Kan. R. 6.1(d) has run. The motion is granted.

D. Kan. Rule 7.4 provides: "If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decided the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice." Although the court could grant the motion solely on the ground that it is unopposed, the court will briefly address the merits of the motion.

O:\ORDERS\21-2055-JAR-9.DOCX

It has long been the general policy in the District of Kansas not to stay discovery even if a dispositive motion is pending.[1]  But four exceptions to this policy are recognized. A discovery stay may be appropriate if: (1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit.[2]  The decision whether to stay discovery rests in the sound discretion of the district court.[3]  As a practical matter, this calls for a case-by-case determination.

The court has reviewed the record, the instant motion, and the pending dispositive motion.  The court concludes that a brief stay of all pretrial proceedings—including discovery and the scheduling of deadlines—is warranted until the court resolves defendant's dispositive motion.  The motion for judgment on the pleadings, if granted, would dispose of the entire case.  Plaintiff's deadline for responding to the motion for judgment on the pleadings has passed, so discovery would not affect the resolution of that

---

[1] *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

[2] *Id.* (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297–98 (D. Kan. 1990)); *Siegert v. Gilley*, 500 U.S. 226, 232–33 (1991) ("'Until this *threshold* immunity question is resolved, discovery should not be allowed.'" (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (emphasis in original)).

[3] *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

˅2˅

motion.  Discovery on all issues raised in the complaint, at this point, would be wasteful and burdensome.

In consideration of the foregoing, and upon good cause shown,

IT IS HEREBY ORDERED:

1)      The motion to stay is granted.

2)      All pretrial proceedings in this case, including discovery, are stayed until further order of the court.

3)      Within 5 days of the ruling on the pending motion for judgment on the pleadings, if the case remains pending, defense counsel shall notify the undersigned's chambers about the need to set a scheduling conference.

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this order, he may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file written objections to this order by filing a motion for review of this order.  Plaintiff must file any objections within the 14-day period if he wants to have appellate review of this order.  If plaintiff does not timely file his objections, no court will allow appellate review.

Dated March 31, 2021, at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

O:\ORDERS\21-2055-JAR-9.DOCX