IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **FEDERICO ARENAS,**  **Plaintiff,**  v.  **SPX COOLING TECHNOLOGIES, INC.,**  **Defendant.** | Case No. 21-2055-JAR-JPO |

## MEMORANDUM AND ORDER

Plaintiff Federico Arenas filed this action against his former employer, Defendant SPX Cooling Technologies, Inc., alleging age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"). Before the Court is Defendant's Motion for Judgment on the Pleadings (Doc. 5), filed on March 8, 2021. The motion seeks dismissal for failure to exhaust administrative remedies. As described more fully below, the motion for judgment on the pleadings is granted as uncontested and on the merits.

**I.      Failure to Respond**

As an initial matter, Local Rule 7.4(b) provides that a party or attorney who does not timely file a response brief waives the right to later file such a brief, and that the court will decide such motions as uncontested and ordinarily will grant them without further notice. Because Plaintiff filed no response to Defendant's motion for judgment on the pleadings, and the time to do so has expired,[1] the Court grants Defendant's motion as uncontested.

---

[1] D. Kan. R. 6.1(d).

## II. Failure to Exhaust Administrative Remedies

### A. Standards

The standard for a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is the same as that applied to a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[2] To survive a motion to dismiss under Rule 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[3]  "[T]he complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[4]  The plausibility standard does not require a showing of probability that a defendant has acted unlawfully, but requires more than "a sheer possibility."[5]

Failure to exhaust may be raised in a motion to dismiss "when the grounds for the defense appear on the face of the complaint."[6]  "[W]hen a defendant's motion to dismiss raises an affirmative defense that is not apparent on the face of the pleading and outside matter is presented and accepted, federal courts will generally treat the motion as if it were one for summary judgment."[7]  However, the Court may consider documents that are referred to in the complaint if they are central to the plaintiff's claim and the parties do not dispute their

---

[2] *Colony Ins. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012).

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[4] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[6] *Cirocco v. McMahon*, 768 F. App'x 854, 857 (10th Cir. 2019) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[7] Arthur R. Miller, et al., 5C Federal Practice and Procedure § 1366 (3d ed.) (Oct. 2020 update) (citations omitted); *see* Fed. R. Civ. P. 12(d) (requiring the Court to convert a Rule 12(b)(6) or 12(c) motion to summary judgment if the Court considers "matters outside the pleadings.").

authenticity.[8]  Here, Plaintiff attached his administrative charge to his Complaint, so the Court may consider it without converting the motion to a motion for summary judgment.

Because Plaintiff proceeds *pro se*, the Court must construe his pleadings liberally and apply a less stringent standard than that which applies to attorneys.[9]  However, the Court may not act as Plaintiff's advocate,[10] and *pro se* litigants are not excused from complying with the rules of the court and are subject to the consequences of noncompliance.[11]

### B.     Discussion

The form complaint Plaintiff filed with the Court asks the filer to check a box on the timing of his charge "[i]f you are claiming *age discrimination*."[12]  He marked that he had filed his Complaint fewer than 60 days from the filing of his his charge of age discrimination.  Under the "Nature of the Case," section, where Plaintiff was directed to check boxes that applied to "[t]he conduct complained of in this lawsuit," he marked only the box for "termination of my employment."[13]  He did not check the box for "retaliation."  In his narrative recitation of his case, Plaintiff contends that "he was suspended for allegedly violating company policies.  I did not violate any company policies."[14]  He stated that he was later terminated for violating company policies, and alleged that the company terminated him based on a false report that he

---

[8] *See Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384–85 (10th Cir. 1997).

[9] *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997) (citation omitted).

[10] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[11] *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

[12] Doc. 1 at 2.

[13] *Id.* at 3.

[14] *Id.* at 4.

had committed sexual misconduct, and violated confidentiality by terminating him for that reason.

The ADEA requires exhaustion of administrative remedies,[15] and the failure to exhaust administrative remedies is an affirmative defense.[16] To exhaust, a plaintiff must file an administrative charge with either the EEOC or an authorized state agency and receive a right-to-sue letter based on that charge.[17] The Court must liberally construe the administrative charge to determine whether a particular claim has been exhausted.[18] The inquiry "is limited to the scope of the administrative investigation that can reasonably be expected to follow from the discriminatory *acts* alleged in the administrative charge."[19] Potential claims are limited in that "each discrete incident of [discriminatory or retaliatory treatment] constitutes its own 'unlawful employment practice' for which administrative remedies must be exhausted."[20]

Plaintiff's October 21, 2020 administrative charge is attached to the Complaint.[21] The only box checked on the form is "Retaliation." Plaintiff did not check the box for "Age" on the form. In the narrative section, Plaintiff states:

> I was employed by the above named employer. My last position held was Production Supervisor.
>
> On or about March 18, 2020, I was suspended for allegedly violating company policies. I did not violate any company policies. On or about March 19, 2020, some employees called me to say that there was a meeting saying I had been discharged. On or about March 21, 2020, I received a letter stating I was

---

[15] 29 U.S.C. § 636(d); *Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1194 n.1 (10th Cir. 2004) (noting that the administrative exhaustion requirement is the same for ADEA cases as Title VII cases).

[16] *See Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185 (10th Cir. 2018).

[17] 29 U.S.C. § 636(d); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002).

[18] *Smith v. Cheyenne Ret. Invs. L.P.*, 904 F.3d 1159, 1164 (10th Cir. 2018); *Jones v. UPS*, 502 F.3d 1176, 1186 (10th Cir. 2007).

[19] *UPS*, 502 F.3d at 1186; *Jones v. Wichita State Univ.*, 528 F. Supp. 2d 1222, 1237 (D. Kan. 2007).

[20] *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003) (citing *Morgan*, 536 U.S. at 110–13).

[21] Doc. 1-1.

discharged for violating company policies.  I was never told which policies I allegedly violated.  I deny violating any company policies.  In or about April 2020, I was contacted by the Olathe Police Department and questioned about false sexual allegations from a cleaning employee who worked on the premises of SPX.  I have never been charged with any crime.  In or about 2014, I filed a charge of discrimination against another employer.  SPX was aware of this charge and lawsuit.

I believe I have been retaliated against in violation of the Americans with Disabilities Act Amendments Act of 2008 and Title VII of the Civil Rights Act of 1964, as amended.[22]

The Court agrees with Defendant that Plaintiff's charge does not include a claim of age discrimination.  "The failure to mark a particular box [on an EEO charge] creates a presumption that the charging party is not asserting claims represented by that box.  The presumption may be rebutted, however, if the text of the charge clearly sets forth the basis of the claim."[23]  Here, the text of Plaintiff's charge does not set forth the basis of an age discrimination claim.   And the narrative section of the charge clearly alleges that he was terminated in retaliation for a complaint he made in 2014.  He does not assert in the EEOC charge that he was terminated on the basis of his age.  Therefore, in addition to Plaintiff's failure to respond, the Court grants Defendant's motion for judgment on the pleadings on its affirmative defense that Plaintiff failed to exhaust his administrative remedies.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Judgment on the Pleadings (Doc. 5) is **granted**.  This case is hereby dismissed.

**IT IS SO ORDERED.**

Dated: April 15, 2021

                                                 S/ Julie A. Robinson
                                         JULIE A. ROBINSON
                                         CHIEF UNITED STATES DISTRICT JUDGE

---

[22] *Id.* at 4.

[23] *UPS*, 502 F.3d at 1186 (citing *Gunnell v. Utah Valley State Coll.*, 152 F.3d 1253, 1260 (10th Cir. 1998)).